Sherill Hardwood Lumber Company, Plaintiff, *v.* New York Bottle Box Company, Defendant.

Supreme Court, New York Special Term, May, 1922.

Corporations — dissolution of defendant pending action — distribution of assets among directors — practice — when directors will be joined in action as parties defendant — supplemental summons.

The assets of a corporation are a trust fund for the payment of its debts upon which the creditors have an equitable lien both as against stockholders and all transferees except those purchasing in good faith and for value.

Ordinarily a creditor must exhaust his remedy at law by obtaining judgment against the corporation and the return of an execution *nulla bona*, but when by the act of the corporation or for any other cause it is impossible for the creditor to obtain such a judgment the creditor may sue the directors even if no such judgment has been obtained.

In general, an action may be brought against the corporation independent of its dissolution, yet where it has disposed of all its property without paying its debts, etc., and has discontinued operation, it would be a waste of time to sue and have execution returned unsatisfied and then proceed against the directors.

An action for debt may be continued against the directors of a corporation dissolved during the pendency of the action.

In an action to recover damages for breach of a contract for the sale of lumber, the complaint alleged a tender of the lumber by plaintiff, a foreign corporation, in accordance with the contract, and the refusal of defendant, a domestic corporation, to accept or pay for the same; notification to defendant that it would be held for any loss; due effort to sell at the best price obtainable and failure to sell. The answer alleged that after the commencement of the action defendant was dissolved and from defendant's examination before trial it not only appeared that there was no attempt to ascertain or pay its liabilities but that assets were distributed amongst its directors, who were the sole stockholders. No notice of the dissolution was given to plaintiff nor was any provision made by defendant or its directors for plaintiff's claim. *Held*, that an order bringing in and joining as parties defendant certain named officers and directors of the defendant and for the issuance of a supplemental summons with leave to serve the amended and supplemental complaint annexed to the motion papers, will be granted.

Under sections 35 and 221 of the General Corporation Law the court is permitted to allow the relief asked, as any continuance of the action against the defendant alone would be futile.

Motion to bring in additional parties defendant.

*Hal S. Corbert,* for plaintiff.

*Abraham Liberman,* for defendant.

COHALAN, J.  Plaintiff moves for an order directing that certain named officers and directors of the defendant corporation be brought in and joined as party defendants; that a supplemental summons be directed to them; that leave be given to serve the amended and supplemental complaint upon all defendants.  The action is brought to recover a judgment for damages sustained by reason of breach of contract of sale by the defendants.  The plaintiff is a Louisiana corporation and defendant a domestic corporation.  The subject-matter of the contract was certain lumber of the value of $1,019.20, and the complaint alleges a tender of the lumber in accordance with the contract and refusal to accept or pay for the same; notification to the defendant that it would be held responsible for any loss; due efforts to sell at the best price obtainable and failure to sell.  It appears that the lumber was held by the carrier railroad and subsequently was transferred and stored in the carrier's warehouse, where it was at the time of the commencement of this action.  After the commencement of the action, according to the allegations of the answer, the defendant corporation was dissolved, and as appears from the examination before trial, there was no attempt to ascertain or pay the liabilities of the corporation, but instead assets were distributed amongst the directors of the corporation who were the sole stockholders.  These directors and sole stockholders are the parties now sought to be brought in as parties defendant.  No notice of the dissolution was given to the plaintiff, nor was any provision made by the corporation, or its directors, for the plaintiff's claim.  Immediately after dissolution these directors continued the business as copartners, using therein whatever assets the corporation had.  The defendants contend that the plaintiff should first proceed with this action, and if judgment is acquired and execution returned unsatisfied, it should then bring an action against these defendants.  They further contend that the corporation had no assets on dissolution beyond cash in the sum of $45.  An examination before trial disproves to some extent this statement.  In any event, whether or not it actually had assets is a question for the trial and not for a motion of this sort.  Section 221 of the General Corporation Law makes provision for payment of the debts of a corporation on dissolution.  Under this section the directors are called upon to adjust and wind up the business of the corporation and carry out its contracts, sell its assets and apply the proceeds in discharge of its debts and obligations, and after adequately providing for the payment of these debts and obligations to distribute the balance among the stockholders according to their respective rights.  Section 35 of this same law provides that upon dissolution of a cor-

poration its directors, unless other persons are appointed by the legislature or by the court, shall be the trustees of its creditors, stockholders, etc., and shall have full power to settle its affairs, collect and pay outstanding debts and divide the remaining assets among the parties entitled thereto. Under this section they have the authority to sue as trustees and may be sued jointly and severally by the creditors, stockholders or members to the extent of the corporate property and effects that shall have come into their hands. The assets of a corporation are a trust fund for the payment of its debts upon which the creditors have an equitable lien, both as against stockholders and all transferees, except those purchasing in good faith and for value. *Cole* v. *M. I. Co.*, 133 N. Y. 164; *Hurd* v. *N. Y., etc., Steam Laundry Co.*, 167 id. 89. Ordinarily, as in other creditors' actions, a creditor must exhaust his remedy at law by obtaining a judgment against the corporation and by the return of execution unsatisfied, but where by the act of the corporation or for any other cause it is impossible for the creditor to obtain such a judgment the creditor can maintain the action against the directors even if no judgment has been obtained. Here it is conceded that the corporation was dissolved subsequent to the commencement of the action; that no provision was made for the plaintiff's claim, and that there had been no attempt to ascertain the debts and to make provision therefor. In general an action may be brought against a corporation independent of its dissolution, but where the corporation as here has disposed of all its property without the payment of its debts, etc., and discontinued its operations it would be a waste of time to sue and have execution returned unsatisfied and then to proceed against the directors. Whether or not the trustees could join in an action with a corporation has not been expressly decided in this state, as far as I have been able to ascertain. On the other hand, however, it has been held that the action could be continued against the directors of a corporation where the corporation had been dissolved during pendency of the action. *Hepworth* v. *Union Ferry Co.*, 62 Hun, 257. In view of the facts conceded by the defendant, as referred to above, and having in mind the futility of any continuance against the corporation alone, I am inclined to permit the bringing in of the directors as parties defendant. I believe this court is permitted to allow such relief under the provisions of our General Corporation Law. Motion is granted to the extent of bringing in the parties as requested and for the issuance of a supplemental summons, and leave is granted to serve the amended and supplemental complaint annexed to the motion papers. The action is to retain its position on the

calendar of this court. Service of the papers herein should be made forthwith, in order that there may be no delay in the trial of the action.

Ordered accordingly.