MUHLENBERG HOSPITAL and Others, Respondents, *v.* THE LAWYERS TITLE AND TRUST COMPANY and LAWYERS TRUST COMPANY, Appellants.

First Department, April 5, 1940.

*Nathan L. Miller* of counsel [*Dean, King, Smith & Taylor,* attorneys], for the appellants.

*Robert McC. Marsh* of counsel [*Hobart S. Bird* with him on the brief; *Delafield, Marsh, Porter & Hope* and *Abraham N. Geller,* attorneys], for the respondents.

*Samuel Fingerhut* of counsel, for Edward Endelman, as *amicus curiæ.*

GLENNON, J.  The plaintiffs are the holders of certain mortgage obligations which were sold to them by the defendant Lawyers Title and Trust Company prior to February 28, 1925.  These obligations are now in default.  Since there are a large number of other defaulted obligations, plaintiffs have seen fit to institute this action in a representative capacity for themselves and holders similarly situated.  The defendants by appropriate motion have attacked the complaint upon the theory that this action will not lie against Lawyers Trust Company without the plaintiffs first obtaining judgments, upon their claims with executions thereon returned unsatisfied, against Lawyers Title and Trust Company. Further, it is contended by the defendants that a representative action, as such, cannot be maintained.

Instead of discussing at length the allegations contained in the complaint, since to do so would cover many pages, we have deemed it advisable to refer only to the essential allegations which we believe will indicate that the appeal is well founded.  Certain facts are not in dispute.  Defendant Lawyers Title and Trust Company, as the name indicates, was engaged not only in what may be called a title company business, but in addition thereto in banking.  It assigned bonds and mortgages to customers and agreed to pay the principal and interest due and to become due thereunder.  This agreement was contained in what was known as a guaranty policy.

Pursuant to a private statute (Laws of 1924, chap. 322), Lawyers Title and Trust Company was divided into two corporations. This division took place on February 28, 1925.  One company was named Lawyers Title and Guaranty Company, whereas the other was Lawyers Trust Company.  The assets of the original company were transferred to the new corporations.  Incidentally, it might be remarked here that there is no claim of a fraudulent transfer of assets within the meaning or spirit of the Debtor and Creditor Law.  The mortgage guarantee business and all that it entailed was taken over by Lawyers Title and Guaranty Company, which, according to the complaint, is insolvent and by an order of the Supreme Court, New York county, entered January

21, 1936, is in liquidation under article 11* of the Insurance Law, whereas the banking business was transferred to the Lawyers Trust Company. It should be noted also that the liability of defendant Lawyers Trust Company on the defaulted mortgage obligations, according to the complaint, is limited to the value of the assets which it received from the original company. There is no claim advanced that Lawyers Trust Company assumed the obligations of the original company except in so far as it became obligated by virtue of the provisions of the division statute.

If the plaintiffs are to have the relief which they seek, their right to do so must be based on the provisions of the statute. It should be noted that the division statute provided in substance that the Lawyers Title and Trust Company ceased to exist as a separate entity " except for the sole purpose and with the sole power of suing or proceeding, or being sued or proceeded against or defending causes of action alleged to exist against it at the time of the filing of the [division] certificate aforesaid, but nothing in this act contained, shall be construed to work a dissolution of such corporation, and the rights of creditors of such corporation shall not be impaired by reason hereof nor shall any liability or obligation for the payment of money due or to become due, or any claim, guaranty or demand, in any manner, or for any cause existing against such corporation or any stockholder thereof be in any manner released or impaired, and all the rights, obligations and relations of all the parties shall remain unimpaired, and the assets of both shall be liable in any action or proceeding against The Lawyers Title and Trust Company or either of the resulting corporations for the discharge and payment of all debts and liabilities existing at the time of the filing of such certificate * * *." Under ordinary circumstances, the rule always has been that in order to reach equitable assets in the hands of a third party, those who desire to do so must first exhaust their legal remedies. (*Irvine* v. *New York Edison Co.*, 207 N. Y. 425; *Trotter* v. *Lisman*, 199 id. 497; *Nat. Tradesmen's Bank* v. *Wetmore*, 124 id. 241; *Adsit* v. *Butler*, 87 id. 585; *Estes* v. *Wilcox*, 67 id. 264; *Allyn* v. *Thurston*, 53 id. 622.)

In the *Irvine* case (*supra*) it was written in part by Judge CHASE:

" In my view the objection to sustaining the action now before us may be summarized by stating that the defendant has never contracted directly or by inference to pay the debts of the Block Company; and the statute, which is the authority for the transfer of the property, if any, from the Block Company to the gas company, does not provide that the possessor company shall assume

---

* See article XVI of present Insurance Law.— [REP.

the indebtedness of the merged company, but expressly provides that the rights of creditors of the merged company are preserved. The statute was not carelessly drawn and the omission to make the possessor company liable for the debts of the merged company was not an oversight.

" It is the duty of the court to enforce the provisions of the statute without reading into it affirmative provisions.

" The plaintiff does not claim to recover in equity, but if he did he would be required to first take other steps preliminary thereto.

" This court in *Trotter* v. *Lisman* (199 N. Y. 497) held that creditors seeking the aid of a court of equity to reach equitable assets of their debtor in satisfaction of their claims must first exhaust their legal remedies, according to the laws of this State, by the recovery of a judgment in one of its courts and the return of execution thereon unsatisfied, unless there are facts constituting a sufficient excuse for the failure so to do, which facts must be set forth in the complaint."

We do not agree with the contention of the respondents that the division statute intended to permit a direct action by the creditors of the Lawyers Title and Trust Company against either or both of the newly formed companies. The saving clause evinces a scheme to protect the rights of creditors of the Lawyers Title and Trust Company by permitting them to resort to the assets received by either or both of the new companies. The statute, however, did not create any new form of action. It left to the creditors of the old company such forms of action as were preserved to them by then existing law. The statute kept the old company alive for the purpose of suing and being sued. If the purpose for which it was so kept alive was to be limited to claims that had matured at the time of the division, language would not have been used stating that the rights of creditors were not to be impaired by reason of obligations " due or to become due." As we read the statute, no attempt is made to provide any new kind of remedy. Creditors may collect obligations owing to them from the old company out of assets received by the new companies only when and if they have recovered judgments against the old company and executions have been returned unsatisfied.

In addition, we are of the opinion that this action cannot be maintained by plaintiffs in a representative capacity. Plaintiffs have separate causes of action. Each has a different obligation of the old company, purchased at a different time and covering different properties. Again, it may be noted that the breaches by the old company accrued at different times. This conclusion

is supported by the reasoning of the Court of Appeals in *Society Milion Athena, Inc.,* v. *National Bank of Greece* (281 N. Y. 282) and *Brenner* v. *Title Guarantee & Trust Co.* (276 id. 230).

Accordingly, the order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted.

MARTIN, P. J., COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements to the appellants against the respondents, and the motion to dismiss the complaint granted.