## O'NEIL v. AMERICAN RADIATOR CO. et al.

District Court, S. D. New York.

Jan. 7, 1942.

544

Israel Stashin, of New York City, for plaintiff.

Sullivan & Cromwell, of New York City, (Inzer B. Wyatt, of New York City, of counsel), for defendants American Radiator Co. and American Radiator & Standard Sanitary Corporation.

BRIGHT, District Judge.

The defendants American Radiator Company and American Radiator and Standard Sanitary Corporation, individually and as successor of Excelso Products Corporation, move under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint for failure to state a claim upon which relief can be granted, the basis of the motion being that there is no showing under MacPherson v. Buick Motor Company, 217 N.Y. 382, 111 N.E. 1050, 1053, L.R.A.1916F, 696, Ann.Cas.1916C, 440, that a water heater was inherently dangerous and, therefore, no liability on the part of the moving defendants individually; that action would lie against the American Radiator and Standard Sanitary Corporation as successor of the Excelso Company for any negligence of the Excelso Company only after judgment had been recovered against the latter; and that the cause of action attempted to be alleged against the American Radiator and Standard Sanitary Corporation individually is barred by the three year statute of limitations.

The action is to recover for personal injuries alleged to have been sustained on July 18, 1938, through the negligence of the defendants in failing to pack an Excelso water heater in a proper and safe manner, and to warn plaintiff of its inherently dangerous nature and condition, because of which, while plaintiff was handling the heater, it rolled within its crate and crushed his fingers. It is further alleged that the heater was sold by the defendants to one of their customers, who delivered it to the employers of plaintiff, for whom he worked as a steamfitter's helper. The brief submitted in behalf of plaintiff states that the corporation for which he worked purchased the heater from the defendants' customer, that the heater was crated in a crate consisting of slats, that when the heater in its crate was delivered on the sidewalk, plaintiff and others began to move the heater into a building, at which movement the injury was sustained.

The clerk's file shows that the action was originally commenced in the New York State Court against the American Radiator Company; on April 4, 1941, by an order of the State Court, the defendant American Radiator and Standard Sanitary Corporation as successor of Excelso Products Company, was brought in as a party defendant, and a supplemental summons and amended complaint issued for that purpose. The action was removed to this court on July 10, 1941. A motion to dismiss under Rule 12

(b) was then made by the said defendants, which motion was apparently adjourned from time to time until a further amended complaint was filed on December 12, 1941, which named as defendants the American Radiator Company, American Radiator and Standard Sanitary Corporation individually and as successor of Excelso Products Corporation and Excelso Products Corporation as defendants.

We think that the contention of the moving defendants can be sustained on any one or all of the three grounds presented. The cause of action asserted against the moving defendants, allegedly manufacturers or vendors of the heater, is obviously founded upon the principle stated in the MacPherson case above cited, and kindred cases, in which it was held that a manufacturer is liable when it places upon the market for sale to and used by the general public, or a member thereof, a thing that is, because of its condition, inherently dangerous—"if to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully. * * * There must be knowledge of a danger, not merely possible, but probable."

■■ It is alleged here that the heater packed in an improper manner became an article of an inherently dangerous nature, but in what respect it was so is not set forth. It is obvious that the accident was not caused by any use of the heater nor because of its condition in and of itself. The complaint is that the accident was caused because the heater was not properly crated. It does not seem to me that the cases similar in principle to the MacPherson case go so far as to make a manufacturer liable for the condition of the crate. The doctrine there settled applies, in my judgment, only to an instrument dangerous when used, and then only because of the inherent peril to the public in such use. That seems so from a reading of the MacPherson case and the authorities therein cited as well as those cases since, based upon that decision. The rule of liability is summarized in Genesee C. P. Fire Relief Association v. L. Sonnenborn Sons, 263 N.Y. 463, 468, 189 N.E. 551, 552, "that, where a manufacturer supplies an article * * * for immediate use in its existing state, which is inherently dangerous * * * the manufacturer is legally liable for personal injuries received by one who uses the same in an ordinary, expected manner." The crate certainly was not inherently dangerous within the meaning or construction of this principle, and the heater was not in use. Rosebrock v. General Electric Co., 236 N.Y. 227, 140 N.E. 571, is not to the contrary. There, because wooden blocks were used in the packing of a transformer and were not removed as it was intended they should be before the transformer was placed in use, an explosion occurred causing the death of plaintiff's intestate and twelve others. Because the blocks were not removed, a short circuit was caused when the transformer was placed in operation. The existence of the blocks made more dangerous what was otherwise dangerous to all who used it as it was intended to be used. I cannot believe that the MacPherson doctrine can or should be extended to a case like this.

■ The defendant American Radiator and Standard Sanitary Corporation in its individual capacity was not made a party to this action until December 12, 1941, more than three years after the accident happened. The bar of the statute is complete after three years. New York Civil Practice Act, section 49, subdivision 6. D'Allesandro v. United Marine Contracting Corp., D.C., 30 F.2d 718.

■ The attempt to sustain the action against the same defendant "as successor of Excelso Products Corporation" cannot succeed. The amended complaint alleges that the latter corporation has been dissolved since the injury and that the American Radiator and Standard Sanitary Corporation took over its assets and contingent liabilities as its successor. The Excelso Company may still be sued. New York General Corporation Law, section 29, Consol. Laws N.Y. c. 23. Judgment must first be obtained against it before suit may be maintained against the alleged successor. Cunningham v. Glauber, 133 App.Div. 10, 117 N.Y.S. 866; Muhlenberg Hospital v. Lawyers Title & Trust Co., 259 App.Div. 238, 18 N.Y.S.2d 910, affirmed without opinion 285 N.Y. 784, 35 N.E.2d 187.

The motion is granted.