**W. H. ELLIOTT & SONS, INC.**

v.

**E. & F. KING & CO., Incorporated and Nuodex Products Co., Inc.**

Civ. A. No. 1465.

United States District Court
D. New Hampshire.

Feb. 5, 1958.

See also D.C., 22 F.R.D. 280.

---

McLane, Carleton, Graf, Greene & Brown, Stanley M. Brown, Manchester, N. H., for plaintiff.

Upton, Sanders & Upton, John H. Sanders, Concord, N. H., for E. & F. King & Co., Inc.

Sheehan, Phinney, Bass, Green & Bergevin, John J. Sheehan, Manchester, N. H., for Nuodex Products Co., Inc.

CONNOR, District Judge.

Plaintiff, alleging that its products had been damaged due to certain paint which was manufactured by the defendant E. & F. King & Co., Incorporated, and which contained a fungicidal material produced by the defendant Nuodex Products Co., Inc., brought suit in this court in October 1954. The defendant Nuodex, a New York corporation, became a wholly owned subsidiary of the Heyden-Newport Chemical Corporation, also of the State of New York, on November 1, 1954. It appearing that Nuodex has undergone corporate dissolution, plaintiff now moves to join Heyden under Rule 19 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. It is my view that the relief requested should be considered under Rule 25(c) as more indicative of the judicial power to grant the plaintiff's request:

"In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

However, Rule 25(c) should yield to state law, including the state's conflict of laws rule. Although not a question of substantive law, the propriety of joinder is strongly influenced both by the New York statute [1] which allows a suit against a dissolved company, and by the cases, infra, which have construed that statute. See 4 Moore's Federal Practice 541.

The question is one of New York rather than New Hampshire law because, although there are no New Hampshire holdings in point, standard conflict of laws procedure is to look to the law of the corporation's domicile, New York. See Restatement, Conflict of Laws, Section 158, Comment c.

It has been decided that, under New York law, an action could not be maintained against a successor corporation for injuries sustained allegedly as a result of negligence of the predecessor since the predecessor was still subject to suit and judgment should first be obtained against it before suit could be maintained against the successor. O'Neil v. American Radiator Co., D.C. 1942, 43 F.Supp. 543; Muhlenberg Hospital v. Lawyers Title & Trust Co., 1940, 259 App.Div. 238, 18 N.Y.S.2d 910. But see Sherill Hardwood Lumber Co. v. New York Bottle Box Co., 1922, 118 Misc. 636, 195 N.Y.S. 22.

Aside from the cases cited, there are additional reasons why the motion should be denied. Plaintiff presumably wishes

---

[1] "Upon the dissolution of a corporation for any cause and whether voluntary or involuntary its corporate existence shall continue [to exist] for the purpose of paying, satisfying, and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up its business and affairs, and it may sue and be sued in its corporate name * * *" General Corporation Law N.Y.McKinney's Consol. Laws, c. 23, § 29.

to join Heyden in order to obtain security in case of a judgment against Nuodex. But plaintiff originally brought suit against Nuodex in this district, despite the fact that Nuodex had no assets here. The question of security should be considered only after judgment, in the absence of any showing that plaintiff would be unable to satisfy any judgment obtained by it. Furthermore, Heyden was not a party to the alleged tortious activity of Nuodex; adding its name would only clutter an already lengthy and labyrinthian record.

 Accordingly, plaintiff's motion to join the Heyden-Newport Chemical Corporation must be denied. It is so ordered.