Yin cent A. Lupiano, J.
Motions numbered 116 and 134 of even date, for summary judgment, are consolidated and shall be disposed together. Companion motions to amend the complaints have been withdrawn.
Plaintiffs, in these separate actions, were at one time statutory tenants of the corporate defendant. One plaintiff occupied a store, the other a residential unit. They seek damages for wrongful eviction from their premises alleging that the eviction proceedings were not brought in good faith. The instant actions, which follow, have statutory sanction where a landlord fails to proceed with, or complete, a proposed demolition and new construction within a specified period or with reasonable diligence, as the case may be, “unless for good cause shown ” (Emergency Business Space Bent Control Law [L. 1945, ch. 314, as amd.], § 8, subd. [c]; Emergency Housing Bent Control Law [L. 1946, ch. 274, as amd.], § 5, subd. 6). It is plaintiffs’ contention that good cause has not been shown herein.
It appears that prior to the evictions the corporate defendant applied for permission to demolish the buildings on the separate premises involved and construct two new buildings thereon. Such permission was granted upon findings by the rent control authorities of landlord’s good faith and ability to accomplish the proposed ends. Subsequently thereto, upon the acquisition of adjoining properties, amended plans were filed, but instead of constructing the two buildings, the corporate defendant was dissolved and the property sold by the individual defendants to a purchaser who is currently constructing a single 20-story apartment building on the entire property. It is alleged by plaintiffs that it was defendants’ purpose all along not to construct new buildings but to indulge in “machinations” designed to bring themselves considerable profits, which caused *995 plaintiffs to vacate the premises ‘ ‘ a full 15 months prior to the date they would have had to vacate ”.
In reply, defendants assert mat they had proceeded with the construction of new buildings to a certain point, then “as a matter of policy ” they decided “ to change the type of buildings which they would construct, by no longer constructing so-called ‘ luxury apartments’, as intended for these premises ”, so as to enter the low-cost and middle-income housing field elsewhere. Thereupon, they sold the property, binding their purchaser to fulfill the emergency housing obligations enjoined on them by law.
It is asserted by the defendants that their good faith having-been established at previous administrative and judicial proceedings, now cannot be questioned, because that issue is res judicata. Such argument is specious and must be rejected. For while their good faith was relevant to their application for eviction of these tenants, intention has no binding effect upon the issues at bar; here it must be shown that the statutory duty to construct new buildings was seasonably accomplished or, notwithstanding their previous intentions, such construction was delayed or abandoned for “ good cause shown ”. The issue as to whether defendants were not duly diligent must be determined at a trial. It is only after a plenary hearing that the question as to whether defendants’ explanation is satisfactory can be effectively decided (cf. Schussel v. Jamaica Investors, 100 N. Y. S. 2d 167). Such issue cannot be determined on these papers.
A further argument is made on behalf of the individual defendants that the complaint should be dismissed as to them since the cause of action asserted therein can only be prosecuted against a landlord as defined in the rent laws. True, it has been held in this Department that successors in title who neither procured the certificates of eviction, instituted summary proceedings, received rent or ever were in a position to demand or become entitled to rent, are not proper defendants in such an action (Byrne v. Osias, 14 A D 2d 346). The individual defendants here, however, are not being sued as successors in title but as officers and directors of a dissolved corporation whose assets have been distributed, and in such instance plaintiff may avoid the futility of first proceeding against a defunct corporation by joining these individuals (Sherrill Hardwood Lumber Co. v. New York Bottle Box Co., 118 Misc. 636).
For the foregoing reasons, the motions for summary judgment and the cross applications thereto are denied,