**FLUTE, INC., Plaintiff,**

v.

**Blair RUBEL and Blair Rubel, Ltd., Defendants.**

No. 87 Civ. 3334 (RWS).

United States District Court, S.D. New York.

March 4, 1988.

Doar Devorkin & Rieck, New York City, for plaintiff; Michael S. Devorkin, of counsel.

Aegis J. Frumento, New York City, for defendants.

## OPINION

SWEET, District Judge.

Plaintiff Flute, Inc. ("Flute") has moved for a default judgment against defendants Blair Rubel ("Rubel") and Blair Rubel, Ltd. ("Rubel Ltd.") for failure to answer or otherwise plead and in the alternative for summary judgment pursuant to Rule 56 Fed.R.Civ.P. The defendants have cross moved for an enlargement of time to serve responsive pleadings pursuant to Rule 6(b) Fed.R.Civ.P. For the reasons set forth below, Flute's motion for a default is granted in part and the remainder of its claim is dismissed, and Rubel's motion is denied.

*Facts*

Flute is a manufacturer of housewares. In 1985 it engaged Rubel Ltd. to act as its sales representative in the New York and New Jersey metropolitan area, compensation to be paid on a commission basis. In that capacity, Rubel Ltd. arranged for the sale of certain lamps manufactured by Flute to Gimbels East at a price of $10,260. The original order was placed in May or June of that year.

Thereafter, Rubel Ltd. received three checks from Gimbels in payment for this order. With respect to the first check, Rubel phoned Flute to ascertain whether Gimbels East owed Flute any sum of money. An employee of Flute informed Rubel that monies indeed were owed, and thus Rubel forwarded the first check to Flute.

However, in October of 1985 upon making similar inquiries with respect to the two remaining checks, Flute's employee informed Rubel that no further payment was due from Gimbel's East. Rubel did not return the checks to Gimbels, but deposited them in Rubel Ltd.'s account, where they were commingled with other receipts of Rubel Ltd.

Rubel was subsequently informed by Flute in October of 1986 that the remaining

funds were owed to it, by which time Rubel Ltd. had been dissolved. Rubel thus claims that no corporate assets remain with which Flute can be compensated, and he denies personal liability because Flute's dealings were with the corporation.

*Prior Procedure*

Flute filed this action for conversion and breach of contract in the Northern District of Illinois on December 1, 1986. It claims damages in the amount of $11,799.00—$10,260 for payment for the goods sold to Gimbels East and $1539 for commission paid to Rubel Ltd. on this transaction. On March 23, 1987, the case was transferred to this court before defendants filed an answer. Rubel had not, at that time, retained counsel.

On September 10, 1987, the parties attended a pretrial conference before this court. At that time, Rubel was ordered to retain counsel and to answer the complaint by October 21, 1987. Rubel failed to retain counsel and answer by that date and further failed to respond to requests for documents and requests to admit.

The instant motion was subsequently filed on December 1, 1988. Rubel has since retained counsel to respond to the motion and now wishes to serve responsive pleadings.

*Discussion*

Flute has moved for a default judgment, claiming that Rubel was delinquent in defending his case and in the alternative for summary judgment, claiming that even if default is not in order, Rubel's response to this motion fails to raise a disputed issue of fact for trial.

Rule 55(a), Fed.R.Civ.P. states

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

As the Second Circuit has repeatedly stated, default judgments are not favored. There are " 'strong policies favoring the resolution of genuine disputes on their merits' " which limit the scope of the trial judge's discretion to enter a default judgment, *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983) (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C.Cir.1980)), and under Fed.R.Civ.P. 55(c), a party can be relieved of default "[f]or good cause shown." A finding of good cause depends on "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981). *In re Martin–Trigona*, 763 F.2d 503, 505 (2d Cir.1985). [O]pposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default...." *Meehan, supra*, 652 F.2d at 276. Rubel's opposition will be treated as such a motion, and thus this court must examine the willfulness of the default, the prejudice to Flute, and the merit in Rubel's defense.

Rubel claims that his failure to answer the complaint stems from his lack of representation prior to this motion. However, in September this court ordered Rubel to retain counsel and to answer the complaint by October 21, 1987. Rubel in a sworn affidavit claims that he tried to retain counsel without success and that as a *pro se* defendant he did not recognize the import of the time limit set. He has since —at least as of December 8, 1987—retained counsel to represent him in this matter and has tendered an answer to the complaint. Thus, while Rubel's initial failure to follow the court's order may be deemed willful, in light of the policy disfavoring defaults, the short period that has lapsed, and the fact that Rubel was initially proceeding *pro se* this factor may be deemed indeterminative when considered alone.

Rubel retained counsel and tendered an answer approximately seven weeks late. Such a short period of time can hardly create prejudice to Flute. Moreover, Flute has provided no evidence of prejudice.

In addressing the issue of whether Rubel has presented a meritorious defense to Flute's action, the court must determine whether Flute can maintain a cause of ac-

tion against a corporation or its principals when the corporation has since been dissolved and if so, whether Rubel can be held liable for conversion or breach of contract.

*Suing a Dissolved Corporation*

■ Under New York Business Corporation Law § 1006(b)

The dissolution of a corporation shall not affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred before such dissolution....

Thus, a corporation no longer in existence remains responsible for its liabilities "until its affairs are fully adjusted." *Rodgers v. Logan*, 121 A.D.2d 250, 503 N.Y.S.2d 36, 39 (1st Dep't 1986) (citing cases). "Included as corporate liabilities are contractual obligations." *Id.*

■ However, suing the corporation itself is not an injured party's only recourse. "[W]here it is impossible or futile to obtain [a] judgment [against a defunct corporation], the creditor can maintain an action directly against the directors or shareholders...." *Id.; see also Damato v. Wallbank Realty Corp.*, 33 Misc.2d 993, 230 N.Y.S.2d 275, 278 (N.Y.Sup.Ct.1962).

Thus, Flute can maintain an action against the corporation and, in the alternative, against Rubel if the suit against the corporation proves futile.

*Conversion*

Flute has charged Rubel with converting the funds it collected as agent. An action for conversion of money in a sum certain is maintainable. *See Peters Griffin Woodward Inc. v. WCSC Inc.*, 88 A.D.2d 883, 452 N.Y.S.2d 599, 600 (1st Dep't 1982); *Marine Midland Bank v. John E. Russo Produce*, 65 A.D.2d 950, 410 N.Y.S.2d 730, 733 (4th Dep't 1978). *mod.*, 50 N.Y.2d 31, 405 N.E.2d 205, 427 N.Y.S.2d 961 (1980); *Jones v. McHugh*, 37 A.D.2d 878, 325 N.Y.S.2d 102 (3d Dep't 1971). However, under New York law,

an action for conversion can not [sic] be validly maintained where damages are merely being sought for breach of contract.... The plaintiff has never had

ownership, possession or control of the money.... Therefore, no action may be brought ... on that theory.

*Peters Griffin Woodward Inc., supra,* 452 N.Y.S.2d at 600.

■ Since Flute never had possession of the money in question, it cannot maintain an action for conversion. Thus, Rubel not only has a meritorious defense on this count, he has a conclusive defense. This count will therefore be dismissed.

*Breach of Contract*

■ Rubel has provided no defense specifically to a breach of contract action. On the contrary, not only does he not deny the existence of the breach, he admits retaining the funds and depositing them in Rubel Ltd.'s account because of Flute's failure to demand payment. His only defense to this action is that Flute's quarrel its with the now defunct Rubel Ltd. and that if Flute had requested payment sooner, the money might have been available.

As has been set forth above, neither Rubel nor Rubel Ltd. has a defense to this action based on corporate dissolution. Moreover, in no way can it be averred that spending money belonging to another under a contract constitutes a defense to rendering payment. Thus, Rubel has failed to assert a meritorious defense to Flute's action for breach of contract.

*Conclusion*

In sum, Rubel's willful default combined with his failure to assert a meritorious defense to Flute's breach of contract action warrants the entry of default judgment on that count. Based on this, a determination of plaintiff's summary judgment motion is unnecessary. Plaintiff's motion is granted as it pertains to breach of contract, and its action for conversion is dismissed. Defendant's motions are denied.

IT IS SO ORDERED.