**Curley WILLIAMS, Plaintiff,**

v.

**GREENDOLF, INC., Sandra Atlas Bass, Morton M. Bass, Lincoln Page, and Local 32E, Service Employees International Union, Defendants.**

**No. 88 Civ. 4116 (RPP).**

United States District Court, S.D. New York.

April 26, 1990.

138

Kaye, Scholer, Fierman, Hays & Handler by Joseph Pash, Jr., New York City, for plaintiff.

Jaspan, Ginsberg, Ehrlich, Schlesinger & Hoffman by Stanley A. Camhi, Garden City, N.Y., for defendants Greendolf, Inc., Sandra Atlas Bass, Morton M. Bass, and Lincoln Page.

Miller & Bush by Irving T. Bush, New York City, for defendant Local 32E, Service Employees Intern. Union.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff sues to recover under 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981 for employment discrimination on the basis of race. Two sets of motions have been filed by the defendants. First, defendants

Greendolf, Inc., Sandra Atlas Bass, Morton M. Bass and Lincoln Page ("Greendolf defendants") move to dismiss the amended complaint ("complaint") for failure to state a claim and lack of subject matter jurisdiction. Second, defendant Local 32E moves for summary judgment and for a protective order.

Briefly, plaintiff, a black male, alleges that in 1982 Greendolf, Inc. ("Greendolf") contacted Local 32E seeking referral of an employee for a position as a temporary porter at a residential building owned by Greendolf, to fill in for the permanent porter. Greendolf represented that the porter would be retiring soon and that his replacement would become a permanent employee. Local 32E referred plaintiff for the position and represented to the plaintiff that upon the porter's retirement, he would be a permanent employee. Plaintiff worked at the building for periods during 1982 through 1986, and performed satisfactorily. During the periods plaintiff was not working for Greendolf, the Union referred plaintiff to "inferior positions."

When the permanent porter retired in July 1986, plaintiff was not contacted for the job, and Greendolf filled the position with a "European Spanish Caucasian." Thereafter, the Union failed to assist plaintiff in obtaining the position he had been promised and failed to refer him for other work. Plaintiff subsequently brought employment discrimination charges against Greendolf and Local 32E with the New York State Division of Human Rights and the EEOC.

Plaintiff then brought this suit against Greendolf and the Union. Having learned that Greendolf had dissolved, plaintiff also named as defendants three individuals who were officers and directors of Greendolf, but did not allege personal involvement by them in the discrimination. It is alleged that Sandra Atlas Bass is now the record owner of the Greendolf property at which plaintiff worked.

### 1. The Greendolf Defendants' Motion

The Greendolf defendants raise four arguments: (1) the entirely conclusory allegations in the complaint fail to state a claim under § 1981 and therefore that claim must be dismissed pursuant to Rule 12(b)(6); (2) the complaint fails to state a claim under § 1981 against the individual defendants; (3) the complaint fails to state a claim under Title VII; and (4) the court lacks subject matter jurisdiction over the individual defendants.

■ To succeed under § 1981, plaintiff must allege and prove that the defendants' actions were purposefully discriminatory and racially motivated. *Albert v. Carovano*, 851 F.2d 561 (2d Cir.1988). Plaintiff may not rely on entirely conclusory allegations. *Id.; Martin v. New York State Dept. of Mental Hygiene*, 588 F.2d 371 (2d Cir.1978) ("It is well settled ... that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation ..., fails to state a claim under Rule 12(b)(6)."). The Greendolf defendants argue that plaintiff has merely alleged that their failure "to hire plaintiff in a permanent position at the Property was unlawfully motivated by a discriminatory intent with respect to plaintiff's race." (Complaint ¶ 25). Plaintiff counters that the complaint contains ample allegations to support a § 1981 claim, and points to the allegations in the complaint that Greendolf represented that the replacement porter it hired would become a permanent employee, that plaintiff satisfactorily performed his duties as a temporary porter, that Greendolf did not hire plaintiff although plaintiff was qualified to permanently replace the porter when he retired, and that Greendolf hired a non-black for the position. Plaintiff asserts that these allegations are sufficient to allege a § 1981 claim, citing *Croswell v. O'Hara*, 443 F.Supp. 895 (E.D.Pa.1978), in which the court denied a motion to dismiss a § 1981 claim where the only allegation was that the defendant's actions were motivated by "racial considerations", and *White v. Frank*, 680 F.Supp. 629 (S.D.N.Y.), *appeal dismissed*, 855 F.2d 956 (2d Cir.1988), where the court denied a motion to dismiss a § 1985 claim because "it must be borne in mind that allegations of racial animus involve defendants' state of mind, which is difficult to prove in any event and particularly so at the pleading stage."

■ It is difficult to imagine how plaintiff could have alleged with particularity the state of mind of defendants. The real question is whether the complaint alleges facts sufficient to raise an inference of racial motivation. Here, it could be inferred that, before it was aware of plaintiff's race, Greendolf represented that the job would be a permanent one, and that, because plaintiff turned out to be black, it kept him on only as a temporary porter and eventually replaced him with a permanent porter who was non-black. Furthermore, the cases relied on by defendants are distinguishable since no facts supporting an inference of discriminatory motive were alleged in the complaints there at issue. In *Albert v. Carovano*, 851 F.2d at 572, the court noted that the factual allegations of the complaint contradicted the conclusory allegation that the plaintiffs were discriminated against because of their race. Similarly, in *Martin v. New York State Dept. of Mental Hygiene*, 588 F.2d at 372, it appears that no facts supporting such an inference were alleged. Accordingly, plaintiff has stated a § 1981 claim against Greendolf.

■ Second, the Greendolf defendants argue that the § 1981 claim against the individuals must be dismissed because the complaint does not allege that there was any personal involvement by the individuals in the discrimination. Plaintiff's counsel made clear at oral argument, however, that plaintiff does not seek to hold the individuals personally liable for discrimination, but rather intends to hold them liable, as former principals of the dissolved corporation, for any judgment plaintiff obtains against Greendolf. Under New York Business Corporations Law § 1006(b),[1] where a dissolved corporation is unable to pay, an injured party may pursue the former directors or shareholders. *Flute, Inc. v. Rubel*, 682 F.Supp. 184 (S.D.N.Y.1988). Thus, while defendants are correct that a primary claim under § 1981 has not been stated against the individual defendants, they will not be dismissed from this action since they may be found liable under a doctrine of successor liability.

■ Next, the Greendolf defendants argue that plaintiff has failed to state a Title VII claim. First, defendants argue that the complaint does not allege that plaintiff was not hired "because of his race." However, plaintiff's factual allegations meet the requirements to state a *prima facie* case under Title VII, as described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), and therefore his failure to allege *in haec verba* that he was not hired "because of his race" is not fatal to his Title VII claim.

■ Second, defendants argue that plaintiff has failed to allege that Greendolf meets the Title VII definition of "employer", which requires at least 15 employees, and that a reasonable pre-complaint inquiry by plaintiff or his counsel, as required by Rule 11, would have determined that Greendolf is not a Title VII employer. Plaintiff argues that this is an affirmative defense, not a pleading requirement to be met by plaintiff, and notes cases holding that under some circumstances employees of separate corporations may be aggregated to meet the Title VII definition of "employer". The Court finds that plaintiff need not allege explicitly that the defendant meets the definition of "employer" for purposes of Title VII, and that, on the present record, it cannot be said that plaintiff or his counsel violated Rule 11 in this regard.

■ Third, defendants argue that the individual defendants cannot be held liable under Title VII. As noted above with respect to the § 1981 claim, however, plaintiff seeks only to hold the individuals liable as successors to the dissolved corporation. Again, therefore, while defendants are correct that plaintiff has not stated a Title VII claim against the individuals, they will not be dismissed from the case at this time.

---

1. Section 1006(b) provides:
   The dissolution of a corporation shall not affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred before such dissolution....

Finally, these defendants argue that plaintiff's failure to name the individual defendants in his original EEOC charge deprives this Court of subject matter jurisdiction over the claims against the individuals. However, since any liability of the individuals will be based on successor liability to a dissolved corporation, not on personal involvement in § 1981 or Title VII violations, there was no need for plaintiff to name them in the EEOC charge, and his failure to do so is not fatal to this court's jurisdiction.

### 2. The Union's Motion for Summary Judgment

Plaintiff's complaint asserts that the Union violated § 2000e–2(c) of Title VII, which prohibits labor organizations from engaging in certain racially discriminatory practices, and also that the Union violated § 1981 by failing to assist him in obtaining the position promised him and its failure to refer plaintiff for employment thereafter.

The Union moves for summary judgment based on facts set forth in an affidavit of Michael Galati, the recording secretary of the Union. Plaintiff argues that there are disputed issues of material fact, and that in any event, the Union's motion should be denied because the Union has failed to comply with plaintiff's discovery requests. Plaintiff also raises issues with respect to the sufficiency of Galati's affidavit, arguing that it is based on hearsay and not on personal knowledge as required by Rule 56.

The Union's motion for summary judgment is denied, on the grounds that genuine issues of material fact exist, and plaintiff has not been allowed discovery into these issues, making the Union's motion premature. Issues of fact exist as to whether the Union failed to refer plaintiff for jobs, or referred him only to inferior jobs, because of his race. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While normally the non-moving party is required to come forward with facts that substantiate its allegations, summary judg-ment is improper if the moving party has not responded to plaintiff's legitimate discovery requests. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980). Plaintiff must be allowed access to potentially favorable information before the Court requires him to come forward with evidence in support of his allegations.

### CONCLUSION

For the foregoing reasons, defendants' motions are denied. The parties are ordered to complete discovery by June 30, 1990, submit a pre-trial order by July 11, 1990, and appear for a pre-trial conference on July 18, 1990.

SO ORDERED.