# GLOBAL LANDFILL AGREEMENT GROUP

v.

# 280 DEVELOPMENT CORPORATION, et al.

### No. Civ.A. 96–5338 (NHP).

United States District Court, D. New Jersey.

Jan. 28, 1998.

---

Glenn Anthony Harris, Jeffrey S. Beenstock, Levin & Hluchan, P.C., Voorhees, NJ, for Global Landfill Agreement Group, plaintiff.

Richard I. Simon, Joseph A. Molinaro, Bari M. Dubowsky, Slavitt Simon & Neuer, P.C., Parsippany, NY, for 280 Development Corp., defendant.

### LETTER OPINION

POLITAN, District Judge.

This matter comes before the Court on the motion of defendant 280 Development Corporation ("280 Development") to dismiss the claims against it by plaintiff, Global Landfill Agreement Group ("Agreement Group"), under CERCLA and the New Jersey Spill Act. The Court heard oral argument on the matter on December 22, 1997. Based upon the reasoning set forth more fully below, defendant's motion to dismiss the claims is **GRANTED**, and the Amended Complaint is hereby **DISMISSED AS TO 280 DEVELOPMENT GROUP.**

### STATEMENT OF FACTS

This is an action under sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, and the New Jersey Spill Compensation and Control Act ("Spill Act") for the recovery of costs incurred and to be incurred in response to the release or threatened release of hazardous substances at the Global Landfill in Old Bridge, New Jersey ("the Site"). The Agreement Group is obligated to perform the remedy at the Site by virtue of a Consent Decree with the New Jersey Department of Environmental Protection ("NJDEP"). The Agreement Group has filed this action to

seek contribution from other responsible parties for the cleanup costs.

280 Development was a New Jersey corporation. The Agreement Group alleges in the Amended Complaint that 280 Development arranged for the disposal of hazardous substances at the Site. Accordingly, 280 Development would fall within the definition of a potentially responsible party ("PRP") under both CERCLA and the Spill Act.

280 Development maintains that it dissolved in 1987 and had distributed all of its assets and finalized all of its affairs prior to the commencement of this lawsuit. Therefore, it alleges that it is not subject to suit for claims arising out of CERCLA or the Spill Act.

### DISCUSSION

Defendants have characterized this as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In deciding the motion, reference must be made to documents in addition to the Complaint. When matters beyond the scope of the pleadings are considered by the Court, the proper motion is one for summary judgment pursuant to Rule 56. *See Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71 (3d Cir.1991); *Miller v. Beneficial Management Corp.*, 776 F.Supp. 936, 951 (D.N.J. 1991), *rev'd on other grounds*, 977 F.2d 834 (3d Cir.1992).

Rule 56 of the Federal Rules of Civil Procedure directs a court to enter summary judgment against a party which has failed to establish the existence of an essential element of its cause of action, and as to which that party bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Spangle v. Valley Forge Sewer Auth.*, 839 F.2d 171, 173 (3d Cir.1988). The purpose of summary judgment is to eliminate a trial where it is unnecessary and would only cause delay and expense to the court and the litigants. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

Under Rule 56, summary judgment may only be granted if, drawing all inferences in favor of the nonmoving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir.1987), *cert. dismissed*, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial," *id.* at 324, or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

There are no genuine issues of material fact in the case *sub judice*. Rather, the issue is the proper construction of the New Jersey statute regarding dissolved corporations.

It is clear that CERCLA mandates that state law must be utilized in order to determine a party's capacity to be sued.

Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure. . . .

42 U.S.C. § 9613(f) (1988).

Rule 17(b) of the Federal Rules of Civil Procedure states that the capacity of a corporation to "sue or be sued shall be determined by the law under which it was organized." Fed.R.Civ.P. 17(b). State capacity statutes are not preempted under CERCLA. *See Witco Corp. v. Beekhuis*, 38 F.3d 682, 689–90 (3d Cir.1994). *See also Levin Metals Corp. v. Parr–Richmond Terminal Co.*, 817 F.2d 1448, 1451 (9th Cir.1987); *United States v. Northeastern Pharmaceutical & Chem. Co.*, 810 F.2d 726, 746 (8th Cir.1986), *cert. denied*, 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987).

The law in New Jersey with regard to the ability of dissolved corporations to be sued is the New Jersey Business Corporation Act, N.J.S.A. § 14A:1–1 *et seq.* More particularly:

(1) Except as a court may otherwise direct, a dissolved corporation shall continue its corporate existence but shall carry on no business except for the purpose of winding up its affairs by

(a) collecting its assets;

(b) conveying for cash or upon deferred payments, with or without security, such of its assets as are not to be distributed in kind to its shareholders;

(c) paying, satisfying and discharging its debts and other liabilities; and

(d) doing all other acts required to liquidate its business and affairs.

(2) Subject to the provisions of subsection 14A:12–9(1), and except as otherwise provided by court order, the corporation, its officers, directors and shareholders shall continue to function in the same manner as if dissolution had not occurred. In particular, and without limiting the generality of the foregoing

\*    \*    \*    \*    \*    \*

(e) the corporation may sue and be sued in its corporate name and process may issue by and against the corporation in the same manner as if dissolution had not occurred;

(f) no action brought against any corporation prior to its dissolution shall abate by reason of such dissolution.

N.J.S.A. § 14A:12–9.

█ Plaintiff reads the statute to mean that a corporation can be sued indefinitely after it has dissolved, wound up its affairs, and distributed all of its assets. This position is without merit. Plaintiff has pointed to no authority in New Jersey or in this district to support the position that a corporation which has wound up and distributed all of its assets is subject to suit.

Section (2) of the statute is governed by Section (1),[1] which refers to a dissolved cor-

poration winding up its affairs and distributing its assets. It is undisputed that a corporation in that process can sue and be sued. Once the corporation finishes that process, it ceases to exist. A corporation may not be sued in perpetuity.

The statute at issue cites as a source N.Y. Bus. Corp. Law § 1006, a New York statute which provides in relevant part:

(a) A dissolved corporation, its directors, officers and shareholders may continue to function for the purpose of winding up the affairs of the corporation in the same manner as if the dissolution had not taken place, except as otherwise provided in this chapter or by court order. In particular, and without limiting the generality of the foregoing:

\*    \*    .\*    \*    \*    \*

(4) The corporation may sue or be sued in all courts and participate in actions and proceedings, whether judicial, administrative, arbitrative or otherwise, in its corporate name, and process may be served by or upon it.

N.Y. Bus. Corp. § 1006. This statute has been interpreted to mean that an action can be brought against a dissolved corporation until its affairs are fully adjusted and its assets distributed. *See Flute v. Rubel,* 682 F.Supp. 184, 187 (S.D.N.Y.1988). Once those affairs are fully adjusted, however, suing the defunct corporation is futile and the only remedy which remains is to maintain an action directly against the directors or shareholders. *Id. See ERA Advantage Realty, Inc. v. River Bend Develop. Co.,* 284 N.J.Super. 92, 99, 663 A.2d 656 (Law Div.1994) (stating that shareholders who succeeded to assets of dissolved and wound up corporation were proper parties to be sued).

█ This Court finds the *Flute* court's interpretation of the New York statute to be correct. Based upon the similarity of the two statutes, this Court will likewise interpret N.J.S.A. § 14A:12–9. A corporation

---

**1.** The term "subject to" is defined as "liable, subordinate, subservient, inferior." Black's Law

Dictionary 1278 (5th ed.1979).

may indeed be sued while it is winding up its affairs, but that amenability to suit ends when the corporation's assets have been distributed and its affairs wound up.[2]

### CONCLUSION

Based upon the foregoing, defendant 280 Development's motion to dismiss the Amended Complaint is hereby **GRANTED.** The Amended Complaint is therefore **DISMISSED ONLY AS TO DEFENDANT 280 DEVELOPMENT.**

An appropriate Order accompanies this Letter Opinion.

### ORDER

This matter having come before the Court on the motion of defendant 280 Development Corporation to dismiss the claims against it by plaintiff, Global Landfill Agreement Group, under CERCLA and the New Jersey Spill Act; and the Court having heard oral argument on the matter on December 22, 1997; and based upon the reasoning set forth more fully below;

IT IS on this 28th day of January, 1998,

**ORDERED** that defendant's motion to dismiss the claims is **GRANTED;** and it is

**FURTHER ORDERED** that the Amended Complaint be and is hereby **DISMISSED AS TO 280 DEVELOPMENT GROUP.**

---

**2.** This, of course, would not apply in situations where the reason for dissolution was to avoid creditors or potential suits.