**SPANGLE, William S.**

v.

**VALLEY FORGE SEWER AUTHORITY.**

**Civ. A. No. 86–1498.**

United States District Court, E.D. Pennsylvania.

July 30, 1987.

Louis J. Fanti, West Chester, Pa., for William S. Spangle.

James C. Sargent, Jr., Lamb Windle & McErlane, P.C., West Chester, Pa., for Valley Forge Sewer Authority.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

In this action brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Section 621 *et seq.,* plaintiff William S. Spangle ("Spangle") claims that age was a factor in his alleged constructive discharge from his Chief Operator position at the Valley Forge Sewer Authority ("Valley Forge"). Valley Forge, the defendant herein, operates a sewage treatment plant in Phoenixville, Pennsylvania. Pending are cross motions for summary judgment, supported by affidavits.

The uncontroverted evidence shows that the Board of Directors ("Board") of Valley Forge decided in December of 1984 to create the new position of Manager of Operations and Maintenance. The manager would be responsible for overseeing operations and maintenance of the plant. Because the Board had determined that plaintiff, an engineer by profession, lacked the necessary managerial skills, it did not consider him for the new position.

Prior to the decision to create the new position, there were times when the plant had not operated in compliance with its Pennsylvania Department of Environmental Resources ("DER") permit. The December, 1984 decision to create the new position was based upon the Board's determination that the management of the plant

was inadequate. The Board concluded that the deficiencies in management were attributable, at least in part, to Mr. Spangle's lack of managerial skills. Spangle does not challenge the Board's conclusion regarding the inadequacy of management but instead blames the problems at the plant on Mr. Bateman the plant General Manager. The Board's solution to the problem was to create the new position of Manager of Operations and Maintenance. The new manager was to be assigned the management responsibilities of Spangle, and some of the responsibilities of General Manager Bateman. To carry out this decision, the Board retained an outside consulting firm to seek and screen applicants for the new position. Initially, the Board sought a person with both managerial and engineering experience. However, the Board concluded that the salary allocated for the new position was insufficient to attract a candidate with both engineering and managerial skills and, accordingly, set managerial skills as the number one requirement. The search was open and extensive, however, Spangle was not invited to apply nor did he apply for the position. The Board members frankly admit that they did not consider Mr. Spangle for the position because the position had been created partly as a result of the Board's dissatisfaction with Spangle's managerial skills.

Mr. Spangle does not challenge the affidavits of the Board members or aver that he had the requisite managerial skills for the position. Nevertheless, he maintains that he was denied the opportunity to compete for the position because of his age. Mr. Spangle does not challenge defendant's affidavits as to the role of the Board in creating the position. Instead, Spangle focuses on the General Manager, Mr. Bateman, as the person who unlawfully made age a factor in defendant's personnel decisions. However, the unchallenged evidence presented on summary judgment is that the role of Mr. Bateman was limited to recommending the new manager from two candidates recruited by the consulting firm and tentatively approved by the Board. The Board hired Mr. Babylon for the manager position based upon the recommendations of the recruiting firm and Mr. Bateman.

The parties agree that, before the creation of the new position, Mr. Spangle, as Chief Operator, reported to Mr. Bateman, the General Manager, who reported to the Board. After creation of the new position, Mr. Spangle, as Chief Operator, reported to Mr. Babylon, the Manager of Operations and Maintenance, who reported to Mr. Bateman, who reported to the Board.

After the Board's hiring of Mr. Babylon, Mr. Spangle asked for and received a meeting with the Board. At the meeting, Spangle was assured that his job as Chief Operator remained secure. After the appointment of Mr. Babylon, Mr. Spangle's job title of Chief Operator remained the same, his engineering duties as Chief Operator remained the same and his salary and benefits remained the same. However, Spangle's managerial responsibilities were transferred to Mr. Babylon the new Manager of Operations and Maintenance. In the reorganization, some of the managerial duties of Mr. Bateman, the General Manager, were also transferred to Mr. Babylon.

This civil action for relief under ADEA focuses upon two personnel decisions by the Board, i.e., (1) the Board's creation of the position of Manager of Operations and Maintenance and (2) the Board's failure to consider Mr. Spangle for appointment to the position. Spangle concedes that the Board took no action which directly deprived him of salary or benefits. He claims, however, that he is entitled to recover under ADEA because the Board created an intolerable situation and that, as a reasonable person, he was justified in resigning his position and accepting other employment at a lower wage rate.

The cross motions for summary judgment are before the court after full opportunity for discovery. The record on summary judgment includes affidavits submitted by the parties.

In *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), the Supreme Court stated:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Because I find that plaintiff has not made a showing sufficient to establish elements essential to his case, I will grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment.

In *Sorba v. Pennsylvania Drilling Co, Inc.*, 821 F.2d 200, 202–03 (3d Cir.1987), the Third Circuit again analyzed and restated the interrelationship of the shifting burden of production in discrimination cases with the burden of the employer as movant for summary judgment:

Under the ADEA, a plaintiff must prove that age was a determinative factor in the defendant employer's decision to dismiss the employee. *See e.g., Duffy v. Wheeling Pittsburgh Steel Corp.*, 738 F.2d 1393, 1395 (3d Cir.), *cert. denied*, 469 U.S. 1087 [105 S.Ct. 592, 83 L.Ed.2d 702] (1984). A plaintiff may, of course, prove his case by direct evidence. However, in the absence of direct evidence a plaintiff may establish a *prima facie* case indirectly by proving by a preponderance of the evidence that the employee (1) belongs to a protected class; (2) was qualified for the position; (3) was dismissed despite being qualified; and (4) ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination. *See Maxfield v. Sinclair International*, 766 F.2d 788,

793 (3d Cir.1985), *cert. denied*, [474] U.S. [1057], 106 S.Ct. 796 [88 L.Ed.2d 773] (1986).

If the plaintiff succeeds in proving a *prima facie* case, the burden of production then shifts to the defendant to articulate some legitimate non-discriminatory reason for the discharge. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 [93 S.Ct. 1817, 36 L.Ed.2d 668] (1973). Should the defendant carry this burden, the plaintiff must prove by a preponderance of the evidence that the proffered reasons were not the employer's true reasons. *Id.*

In addition to establishing a *prima facie* case by indirect proof, an ADEA plaintiff can prevail by means of indirect proof that the employer's reasons are pretextual without presenting evidence specifically relating to age. *Chipollini*, 814 F.2d at 898. "[W]hen all legitimate reasons for rejecting an [employee] have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts only with some reason, based his decision on an impermissible consideration such as (age)." *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 [98 S.Ct. 2943, 2949–50, 57 L.Ed.2d 957] (1978) (emphasis in original).

In this case, there is no direct evidence of age discrimination. Thus, I must determine if plaintiff has made a showing sufficient to establish indirectly the elements of a *prima facie* case. He has not. Plaintiff has made a sufficient showing as to only one element of the required *prima facie* case. That is that he is a member of the protected class. Plaintiff has pointed to no evidence to dispute defendant's concern, as documented in the affidavits of Valley Forge Board members, about Valley Forge's violations of its DER permit. Thus, given its repeated failures to comply with DER standards, defendant could as a matter of business judgment decide to supplement its administrative force by hiring a person skilled in management.

Defendant's decision to create the new position was a management decision clearly within the authority of the Board. There is no evidence that plaintiff's age played any part in that decision. Plaintiff does not challenge defendant's assertion that during his tenure as Chief Operator the plant at times was not operated in compliance with the DER permit. Indeed, he concedes the point but blames the deficiencies on General Manager Bateman. David Boyer an outside, independent consultant has by affidavit opined that the deficiencies stemmed from the fact that Spangle was an ineffective manager. He described the situation as follows:

> 5. Based on my periodic review of the Plant in 1984, and my review of the Plant operating data submitted to the Department of Environmental Resources for the Commonwealth of Pennsylvania, it is my opinion that by mid–1984, the conditions at the Plant were deteriorating, and management of the Plant at the operations level was inadequate. At that time, based on my own personal observations, there was inadequate preventative maintenance, insufficient planning, projection and anticipation of Plant needs, plant processes were not well run, and the general cleanliness of the plant was unacceptably poor. At that time, there were frequent equipment outages, and when the equipment went out, it did not get back on line fast enough.

Significantly, the Board's solution was not to fire Spangle or Bateman, but to hire a person with management experience to supplement the efforts of both. Spangle's responsibility was then limited to plant operation; some of the General Manager's responsibilities were delegated to the new Manager of Operations and Maintenance. Although Spangle disagrees with the decision of the Board, he has pointed to no evidence that would support an inference that age was a factor in the Board's decision. Thus, summary judgment in favor of defendant is appropriate as to the decision to hire a new Manager of Operations and Maintenance.

The defendant states that it did not consider Spangle for appointment to the new position because it believed it was his management deficiencies that created the plant deficiencies. On the other hand, defendant acknowledges that he was a good engineer and Chief Operator. Significantly, plaintiff does not claim to have the expertise in management that the Board sought. He suggests that if the General Manager had performed better, the new position would not have been necessary and he would not have been embarrassed by the presence of the new manager. Mr. Spangle argues that the hiring of Mr. Babylon at a higher salary than he received and the obvious reduction in his status created a situation so intolerable that a reasonable person subject to it would resign.

The Third Circuit has recognized and applied the doctrine of constructive discharge in the Title VII context. *Goss v. Exxon Office Sys. Co.*, 747 F.2d 885 (3d Cir.1984). The court applied an objective reasonable person test in holding that

> no finding of a specific intent on the part of the employer to bring about a discharge is required for the application of the constructive discharge doctrine. The court need merely find that the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign.

*Goss*, 747 F.2d at 888.

The female plaintiff in *Goss* was subjected to verbal abuse and was told to either accept a new sales territory assignment with less potential for commissions or resign. In *Goss*, the evidence of discriminatory conduct of the employer permitted a finding that the plaintiff was constructively discharged. Here, plaintiff can point to no such misconduct on the part of defendant. Indeed, when the Board met with Mr. Spangle, it encouraged him to stay and it did not reduce his salary or benefits. A reordering of the responsibilities of employees, without more, is insufficient to support a finding of constructive discharge. See *Pena v. Brattleboro Retreat*, 702 F.2d 322 (2d Cir. 1983).

**434**

There is no evidence submitted by Mr. Spangle on which a fair-minded jury could reasonably find that Mr. Spangle was constructively discharged. There is no evidence to support an inference that the misconduct of his employer made his situation intolerable.

Of course, summary judgment may not be entered in favor of an employer where there is any direct or indirect evidence that age was a factor in the employer's personnel decision. *Sorba, supra; Chippolini v. Spencer Gifts,* 814 F.2d 893 (3d Cir.1987). However, plaintiff can point to no evidence that would support an inference that age was a factor in the personnel decisions of defendant, thus, a fair-minded jury could not reasonably find for the plaintiff. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

More importantly, plaintiff has failed to make a showing that he could produce evidence at trial which would establish any of the elements of a *prima facie* case except that he is a member of the protected class. The evidence is undisputed that a new position was created to focus on management problems. Plaintiff has made no showing that he was qualified for the new position; nor has plaintiff made a showing that he was discharged and replaced by a person sufficiently younger to permit an inference of age discrimination. Summary judgment must be entered in favor of defendant where plaintiff cannot establish a *prima facie* case. *Celotex Corp. v. Catrett, supra; Kephart v. Institute of Gas Technology,* 630 F.2d 1217 (7th Cir.1980), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981).