**SPANGLE, William S., Appellant,**

v.

**VALLEY FORGE SEWER AUTHORITY.**

No. 87–1549.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6), Feb. 3, 1988.

Decided Feb. 12, 1988.

Louis J. Fanti, West Chester, Pa., for appellant.

James C. Sargent, Jr., Ellen M. Resinski, Lamb, Windle & McErlane, P.C., West Chester, Pa., for appellee.

Before SLOVITER, STAPLETON, and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

The plaintiff, William Spangle brought this action against his employer Valley Forge Sewer Authority ("VFSA") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, claiming that he was constructively discharged, because of his age, when his employer transferred his duties to a newly created managerial position. Spangle was not promoted, although he claimed to be qualified, and a younger man was appointed to the new position. Finding the situation so intolerable as to amount to a constructive discharge, Spangle resigned. The parties filed cross-motions for summary judgment, and the district court, 668 F.Supp. 430, granted summary judgment in favor of the defendant VFSA and against Spangle. We agree with the district court that the plaintiff has been unable to raise a genuine issue of fact regarding the element of his qualifications as to which he has the burden of proof. Therefore we will affirm.

### I.

The following facts are undisputed. Spangle was employed with VFSA from December 1980 until his resignation in September 1985. In May of 1985, the Board of Directors of VFSA created a new supervisory position entitled Manager of Operations and Maintenance, which was an intermediate supervisory position between the General Manager of VFSA and Spangle's position, Chief Operator, which had formerly reported directly to the General Manager. The new job description included some of the supervisory and management duties formerly included in Spangle's job description. VFSA's Board authorized the General Manager to retain an outside consulting firm, Soltis Management Services, to conduct an independent search for candidates for Manager of Operations and Maintenance. Spangle was not considered for the position which was ultimately filled by Steven J. Babylon. Babylon was 34 years old at the time of his appointment. Spangle, who was then 57 years old, was assigned to report to Babylon. Spangle's job was redescribed, but his title, salary and benefits remained the same. Three months later, Spangle resigned to accept other employment.

## II.

The ADEA provides that: "[i]t shall be unlawful for an employer—(1) ... to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...." 29 U.S.C. § 623(a). An ADEA plaintiff may establish a prima facie case either by direct evidence of discriminatory animus, or through circumstantial evidence. To establish a prima facie case of age discrimination, Spangle must prove that (1) he belongs to the protected class; (2) either that he applied and was qualified for the supervisory position and was not appointed, or that he was performing satisfactorily in his present position and was actually or constructively dismissed, and (3) that a person sufficiently younger to raise an inference of age discrimination was employed in his stead. *See e.g., Maxfield v. Sinclair,* 766 F.2d 788, 793 (3d Cir.1985), *cert. denied,* 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986). In order to establish a constructive discharge, the plaintiff must establish that the employer knowingly permitted conditions of discrimination so intolerable that a reasonable person would have felt compelled to resign. *Goss v. Exxon Office Systems Co.,* 747 F.2d 885, 888 (3d Cir.1984).

In reviewing the district court's order, we apply the same standard as the district court. Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

An ADEA defendant may prevail on a summary judgment motion in alternate ways. The defendant may show that the plaintiff can raise no genuine issue of fact as to one or more elements of the plaintiff's prima facie case. The defendant may also introduce evidence of a nondiscriminatory animus and show that the plaintiff can raise no genuine issue of fact as to whether the proffered reason is a pretext for discrimination. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893 (3d Cir.), *cert. dismissed,* — U.S. ——, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). The defendant in this case has done both. Therefore, we will affirm the order of the district court.

## III.

Spangle brought this action complaining that the new position of Manager of Operations and Maintenance was the functional equivalent of Spangle's position of Chief Operator but commanded a higher salary. By affidavit, Spangle asserted that he was fully qualified to become the Manager of Operations and Maintenance. Spangle claimed that he was not permitted to perform his normal work duties after Babylon's appointment. Spangle claimed that his duties had been transferred from him in an effort to pressure him into resigning because of his age, and that he did resign because he found the situation intolerable. Spangle asserted that these circumstances amounted to a constructive discharge.

The district court, reviewing the cross-motions for summary judgment, found that Spangle had failed to produce enough evidence in support of his prima facie case. Specifically, the district court found that Spangle had adduced no evidence to support a finding that he was performing satisfactorily the supervisory and managerial duties which were transferred from him to the Manager of Operations and Maintenance. We agree.

Together with his motion for summary judgment, the plaintiff submitted his performance appraisals for 1981, 1982 and 1983. In general the reports showed him to be performing well as an operations engineer; but, without exception, they reported his performance of his supervisory and managerial duties to be unsatisfactory. For example, in 1981 the performance appraisal showed that the General Manager was dissatisfied with Spangle's supervision and control of the activities of his subordinates. In 1982, the General Manager re-

ported that Spangle was still ineffective in supervising and disciplining his subordinates to assure effective utilization of slack time, sufficient project planning and completion of tasks in a workmanlike manner. In 1983, the General Manager reported:

> Bill's (Spangle's) chief weakness is in his supervision of subordinates. He needs to establish higher expectations and more closely monitor the daily activities of those under him. He needs to require closer adherence to Authority rules and be more consistent in his application of those rules and regulations. To Bill's credit, he has been able to bring some key employees into general compliance with the Authority's regulations within the past year, but too often Bill's subordinates continue to "bend" the rules. More frequent and better lines of communication need to be established between the operations group and within the operations group itself.

App. at a–321.

The inability to establish satisfactory performance of his supervisory duties would also preclude Spangle from establishing that he was qualified to assume the position to which the duties were transferred. Spangle argues that his job and the new one are functionally equivalent. However, the job descriptions proffered by Spangle do not support this assertion. The description for Manager of Operations and Maintenance shows that the new position assumes only the managerial and supervisory duties once required to be performed by Spangle as Chief Operator, leaving to the Chief Operator the engineering responsibility for the operation of the plant and wastewater collection system.

We need not consider whether a jury could find that Spangle was constructively discharged. Without proof of his qualification to perform his supervisory duties, neither the fact that Spangle may reasonably have found it intolerable to be relieved of them nor the fact that the duties were assumed by a considerably younger person is enough to raise an inference of age discrimination.

In support of its motion for summary judgment, the defendant has proffered affidavits from a number of VFSA board members evidencing a nondiscriminatory reason for relieving Spangle of his managerial and supervisory duties, *i.e.*, that he was not performing those duties satisfactorily. These affidavits are supported by the performance reports placed in evidence by Spangle. Spangle argues vigorously that he should be permitted an opportunity to prove by cross-examination that the asserted reason was a pretext. However, the burden of proof in an employment discrimination case is always with the plaintiff. Where the plaintiff is unable to establish a prima facie case, no inference of discrimination is raised and the defendant has no burden to proffer a reason for its action. Therefore, the defendant's proffer was superfluous. Although the district court appears to have placed some reliance on the defendant's affidavits in reaching its decision, it was unnecessary to consider them in light of the insufficiency of the plaintiff's proffer.

Like the district court, we find nothing in the record evidence to support a finding that Spangle was performing satisfactorily the managerial and supervisory duties which were required by his original job description and were transferred to the new Manager of Operations and Maintenance. We find that the defendant is entitled to summary judgment because the plaintiff has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553. We will affirm the order of summary judgment for the defendant.