Joseph N. **LAZZARO**, Plaintiff,

v.

**FRANKLIN MINT COMPANY**, Defendant.

No. 93–CV–1561.

United States District Court, E.D. Pennsylvania.

Dec. 20, 1993.

Peter J. Rohana, Jr., Media, PA, for plaintiff.

Jerome A. Hoffman, Marie L. Martino, Dechert Price & Rhoads, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This is an action filed by plaintiff, Joseph N. Lazzaro, for an alleged violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"), by his former employer, the Franklin Mint Company. At issue before the Court is defendant's motion for summary judgment filed pursuant to Rule 56 of the

Federal Rules of Civil Procedure. Defendant asserts that summary judgment is warranted in this case because plaintiff has failed to set forth a *prima facie* case of discrimination. Alternatively, defendant argues that even if plaintiff can prove a *prima facie* case, that plaintiff still cannot prove that defendant's reasons for firing plaintiff were pretextual. Because we agree with defendant that plaintiff has failed to make out a *prima facie* case of discrimination, we will grant summary judgment in favor of defendant.

### Standard

■ In considering a motion for summary judgment, the court must consider whether the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The court is required to determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making this determination, all reasonable inferences must be drawn in favor of the nonmoving party. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2512. While the movant bears the initial burden of demonstrating an absence of genuine issues of material fact, the nonmovant must then establish the existence of each element of its case. *J.F. Feeser, Inc., v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3rd Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

### Facts

Plaintiff was fired from his job as a print shop manager on February 6, 1992 when he was 49 years old. Although plaintiff had been working at defendant for twelve years, he had only served as print shop manager for the last five years. While plaintiff's performance was generally rated as good or very good as related to his production management and printing industry knowledge, his performance relating to personnel, financial and administrative management, as well as his ability to work with others, had been rated as fair in the past.

In July 1991, Timothy Patterson became plaintiff's new supervisor. It appears that there were problems between the two men from the start. Apparently, plaintiff exhibited some hostility to Patterson and questioned his authority when he became supervisor, and Patterson also rated plaintiff lower on his performance ratings in his October 1991 evaluation than his previous supervisor, Tony Ruggeiro, had done. In February 1992, Patterson fired plaintiff, citing three significant incidents that had occurred as his reason for his action. First, plaintiff had condoned the creation and administration of a "slush fund" whereby members of the print shop sold the metal printing plates to recyclers, and used the proceeds for their collective use. These plates had previously been thrown out by defendant. Plaintiff allegedly concealed this fund from Patterson although the two men had discussed how the Christmas party would be funded and the fund had already been earmarked for the party. Second, it was alleged that plaintiff was improperly disposing waste ink which was considered to be hazardous waste. Third, Patterson cited plaintiff's failure to accept management responsibility when an issue of *The Mint Condition* was unacceptable and had to be reprinted.

After plaintiff was fired, defendant placed an advertisement for plaintiff's replacement. Defendant initially sought a person who would act as a consultant for two to three years while one of the employees in the print shop was being "groomed" for the position as manager of the print shop. Although two employees were considered to be the candidates for grooming, Dorothy Van Ess, aged 29, and Bruce Mishler, aged 31, nothing was definitely offered to either one of them.

Defendant then hired Denny Krivanek as a consultant, who was scheduled to begin working in the spring of 1992. Unfortunately, he found out that he was terminally ill, and never began work. From his resume, it appears he was at least 48–52 years of age when defendant hired him. Defendant then

hired Robert Domosh, aged 48, to replace plaintiff, although he was initially hired as a consultant to work for a two to three year period. However, after about three months, when it was apparent to defendant that Domosh was an excellent manager, and that no current employees in the print shop were capable of being groomed for the position of manager within the next few years, Domosh was offered, and accepted, the position on a permanent basis.

## Discussion

Defendant argues that plaintiff fails to establish a *prima facie* case of discrimination because plaintiff cannot prove he was replaced by a sufficiently younger person in order to permit an inference of age discrimination. Plaintiff argues that this factor is not absolutely required in proving a *prima facie* case of discrimination, but rather, the circumstances as a whole give rise to an inference of discrimination. Plaintiff contends that the fact that defendant initially sought to groom one of two younger employees as potential candidates for plaintiff's replacement shows that there is enough evidence for a reasonable jury to conclude that the discharge occurred under circumstances giving rise to an inference of age discrimination.

We disagree with plaintiff's characterization of the elements to establish a *prima facie* case of discrimination. Under the ADEA, the employee must prove by a preponderance of the evidence that age was a determinative factor in firing the employee. *Billet v. Cigna Corp.,* 940 F.2d 812, 816 (1991) (citations omitted). Although the employee has the ultimate burden to prove that age was a determinative factor, this need not be the sole reason for the employer's decision, rather, age must make a difference in his decision. *Id.* (citations omitted). Initially, the plaintiff must first make out a *prima facie* case of discrimination under the ADEA, which can be proven by either direct or circumstantial evidence. *Id.*; *Maxfield v. Sinclair Internat'l,* 766 F.2d 788, 791 (3rd Cir.1985), *cert. denied,* 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986). In the absence of direct evidence of discrimination,

courts use the formula originally set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which gives rise to an inference of age discrimination based on a certain set of assumptions about the employer's behavior. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 897 (3rd Cir.1987), *cert. denied,* 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987); *Maxfield,* 766 F.2d at 791–93. This test, as adopted by the Third Circuit courts is as follows:

1) plaintiff must prove he belongs to a protected class (which is aged 40 years or older); 2) that he was qualified for the position; 3) that he was dismissed despite his qualifications; and 4) that he was ultimately replaced by someone sufficiently younger to permit an inference of age discrimination. *Gray v. York Newspapers, Inc.,* 957 F.2d 1070, 1078 (3rd Cir.1992); *Billet,* 940 F.2d at 816 n. 3; *Healy v. New York Life Ins. Co.,* 860 F.2d 1209, 1214 (3rd Cir.1988), *cert. denied,* 490 U.S. 1098, 109 S.Ct. 2449, 104 L.Ed.2d 1004 (1989); *Chipollini,* 814 F.2d 893. Once this burden has been met, then the burden shifts to the employer to prove some legitimate, nondiscriminatory reason for firing plaintiff. *Billet,* 940 F.2d at 816. The burden then shifts back to plaintiff to show that the reason offered by the employer is merely a pretext for discrimination. *Id.*

Recently, in *Gray v. York Newspapers, Inc.,* the Third Circuit Court of Appeals granted summary judgment in favor of defendant with regard to plaintiff Laird's claim of discrimination under the ADEA because plaintiff could not meet the fourth prong of the *prima facie* test. After plaintiff was fired, defendant replaced him with a current employee, Pierce, who was 49 years old, one year younger than plaintiff. Although plaintiff attempted to argue that it was plausible to infer that he was replaced by persons substantially younger because two copy editors in their twenties were hired after he was fired, and they took over Pierce's job, the court concluded there was nothing in the record to indicate that the copy editors had replaced either plaintiff or Pierce. Further, in *Spangle v. Valley Forge Sewer Auth.,* 668 F.Supp. 430 (E.D.Pa.1987), *aff'd,* 839 F.2d

171 (3rd Cir.1988), the court also granted summary judgment in favor of defendant because plaintiff could not make out a *prima facie* case, in part, because he could not prove he was replaced by someone sufficiently younger. *Id.* at 434.

Plaintiff cites various cases for the proposition that the fourth prong is flexible, and is not always required to prove a *prima facie* case of age discrimination. For instance, plaintiff quotes *Bonham v. Dresser Indus., Inc.,* 569 F.2d 187, 194 (3rd Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978), as stating "We do not believe that a complaint of age discrimination will always require proof that the discharged person was replaced by a younger employee; it is enough that he was discharged because of his age." However, plaintiff fails to state that in *Bonham,* the court stated this when it was considering whether summary judgment on a claim for breach of an oral contract of employment was proper. In so stating, the court was discussing the district court's determination that under Pennsylvania law, a breach of contract claim would lie if Bonham could prove age discrimination under the *Pennsylvania statutes,* thereby proving that the employer's action had offended the state's public policy. Thus, the court's statement was dictum, and further, it was not even referring to the ADEA.

■ Plaintiff also cites cases from other jurisdictions for the proposition that the fourth prong is not a rigid requirement. *See e.g. Pena v. Brattleboro Retreat,* 702 F.2d 322, 324 (2nd Cir.1983) (where court held fourth prong was not necessary if plaintiff could show discharge occurred in circumstances which would give rise to an inference of age discrimination). While plaintiff cites no cases in this Circuit that have dropped the fourth prong, it appears in limited circumstances this prong is not always required. For instance, in reduction-in-force cases, where the employee is simply not replaced, plaintiffs need not prove this element to make out a *prima facie* case. *White v. Westinghouse Elec. Co.,* 862 F.2d 56, 60 (3rd Cir.1988). Likewise, one court in this Circuit has found where the circumstances indicate there was evidence of discrimination, then the fourth prong is not absolutely necessary.

Thus, in *Edwards v. Thomas Jefferson Univ.,* Civ.A. No. 85–5508, 1986 WL 4316 (E.D.Pa. April 8, 1986), District Judge Giles concluded that being replaced by a younger person was one way to establish a *prima facie* case of age discrimination, but that plaintiffs could also establish the fourth prong by direct evidence that they were discharged because of their age. Judge Giles stated a person could:

> make out a *prima facie* case of age discrimination, despite the fact that his replacement is older, if there is proof of age bias.... While replacement by an older worker would suggest no age discrimination, it would not disprove age bias altogether. For example, employers might ward off threatened discrimination suits merely by hiring an older employee.

*Id.* at 1. The court found that plaintiff had shown that age was a determinative factor in the employer's decision to fire him because of statements made by plaintiff's supervisor after termination, because three other employees in the protected class were also fired, and because age discrimination could be inferred by the fact that the employer was looking for someone with a college degree and that older persons in his field tended not to have college degrees.

■ Based on the above cases, we find that plaintiff has not sustained his burden by proving a *prima facie* case of discrimination. Clearly, plaintiff was not replaced by a sufficiently younger person in this case given that Mr. Domosh was only one year younger than plaintiff. As the facts are sufficiently similar to the facts of the Third Circuit's decision in *Gray,* summary judgment is clearly appropriate in this case.

Moreover, this is not a case where the fourth prong is inapplicable. First, this is not a reduction-in-force case. Second, plaintiff has not shown any evidence suggesting that he was fired because of his age. Unlike the situation in *Edwards,* plaintiff provides no evidence that age ever played a factor in Patterson's decision to fire him; there is no evidence of any statements made by Patterson or any other employee which evidences discrimination, nor does plaintiff provide evidence of other older employees being fired. Even considering plaintiff's assertions in the light most favorable to him, plaintiff's only

evidence ·is that defendant was considering "grooming" two younger employees to ultimately replace him. However, this alone still does not provide sufficient evidence to infer that age was a factor in firing plaintiff, given that neither one of these employees was promised the managerial position, and because Mr. Domosh was the person who ultimately replaced plaintiff.[1] As such, plaintiff fails to provide *any* evidence from which a reasonable jury could infer that defendant's reasons for firing plaintiff were because of his age. Thus, plaintiff fails to prove a *prima facie* case by virtue of not meeting the fourth prong, and because this is not a situation like *Edwards* where the circumstances justify dropping the fourth prong. An appropriate order follows.

### ORDER

AND NOW, this 20th day of December, 1993, upon consideration of the motion of defendant Franklin Mint Company, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and all responses thereto, it is hereby ORDERED that defendant's motion is GRANTED, and summary judgment is entered in favor of defendant and against plaintiff on the Complaint.

---

1. Moreover, defendant's advertisement, which sought a person who had at least twenty years of experience in the field, indicates defendant was seeking an older employee from the start, even if it was only a temporary employee.