Robert HARRINGTON, Plaintiff,

v.

Cheryl LAUER, et al., Defendants.

Civ. No. 93–3166 (CSF).

United States District Court,
D. New Jersey.

June 8, 1995.

Frost, Rhodes, DeVito & Smith, P.C. by
Jack N. Frost, Plainfield, NJ, for plaintiff.

Rand, Algeier, Tosti & Woodruff, P.C. by Robert M. Tosti, Morristown, NJ, for defendants Cheryl Lauer, Franklyn Kennedy, Barbara Lentine, Martie Orlando, Gwendolyn Miller and Robert Zektick.

Carson & Astorino by Robert A. McLarty, Jr., Trenton, NJ, for defendant Clinton Tp. Bd. of Educ.

## OPINION

CLARKSON S. FISHER, District Judge.

Plaintiff, Robert Harrington, previously held the position of Superintendent of Schools pursuant to a contract of employment with defendant Clinton Township Board of Education ("the Board"). The initial contract was entered into on June 1, 1990, and was due to expire on May 31, 1993. The parties entered into another contract on April 8, 1993, whereby they agreed to an additional term of employment from June 1, 1993 until July 1, 1996.

In the meantime, a school board election was held on April 19, 1993, which resulted in the replacement of three of the members who had voted in favor of extending the plaintiff's employment contract. At a public meeting held on June 28, 1993, the newly composed Board voted to relieve plaintiff of his duties as Superintendent of Schools, although they agreed to honor their financial obligation for the remainder of the previously extended contract term. In fact, the Board continued to pay plaintiff the full amount of his former salary until he accepted a new position as superintendent of schools in a school district in Vermont. The Board continues to compensate Harrington for the difference between his current salary and the salary he was earning while employed by Clinton Township.

On July 15, 1993, plaintiff initiated this lawsuit alleging that his termination was a violation of his federal civil rights and the New Jersey Conscientious Employee Protection Act ("CEPA"). In the first count of the third amended complaint, Harrington asserts a claim under 42 U.S.C. § 1983, alleging that the Board and the six individual members who voted to fire him violated his right to free speech as guaranteed by the First Amendment to the United States Constitution and that they deprived him of property without due process of law, in violation of the Fifth and Fourteenth Amendments. The second count alleges that defendants conspired to deprive Harrington of his privileges under the law. The third count alleges that defendants, knowing of the wrongs conspired to be done and having the power to prevent or aid in preventing the commission of same, neglected or refused to do so. In the fourth count, plaintiff asserts that he was terminated from his employment in retaliation for questioning the legality of certain conduct on the part of several board members and that such action constitutes a violation of CEPA, N.J.S.A. 34:19–1, et seq. Finally, the fifth count contains allegations that defendants acted willfully and maliciously with the intent to injure plaintiff.

By motion for partial summary judgment, the individual board members seek to dismiss that portion of the first count of the third amended complaint which asserts a procedural due process violation, as well as the third and fifth counts of that complaint. The Clinton Township Board of Education has also filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking to dismiss all federal claims asserted in plaintiff's third amended complaint. The Board also seeks to dismiss plaintiff's claim for compensatory damages or reinstatement under CEPA.

The entry of summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Connors v. Fawn Mining Corp.*, 30 F.3d 483 (3d Cir.1994). The moving party bears the initial burden of making a prima facie showing that he is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This may be done by identifying those portions of the record believed to demonstrate the absence of a genuine issue of material fact. *Id.* The burden then shifts to the nonmoving party to

come forward with affidavits or other competent proof which sets forth specific facts showing that there is indeed a genuine issue for trial. The party opposing a motion for summary judgment can show that there is a genuine issue for trial by demonstrating that the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). On the other hand, summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the ultimate burden of proof at trial. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Spangle v. Valley Forge Sewer Auth.,* 839 F.2d 171, 173 (3d Cir.1988). In making its determination, the role of the court is not to weigh the evidence and determine the truth of the matter, but simply to determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511.

 Plaintiff has asserted that the termination of his employment constitutes a deprivation of property without due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. However, plaintiff does not allege any action by the federal government. The Fifth Amendment is a limitation on the federal government and does not apply to state actions. *Pitt v. Pine Valley Golf Club,* 695 F.Supp. 778, 781 (D.N.J.1988); *Bowman v. Township of Pennsauken,* 709 F.Supp. 1329, 1338 n. 11 (D.N.J.1989). Therefore, summary judgment is granted in favor of defendants on that portion of plaintiff's § 1983 claim which is based on a violation of the Fifth Amendment.

With regard to plaintiff's due process claim brought under the Fourteenth Amendment, defendants argue that they are entitled to summary judgment for two reasons. First, they contend that plaintiff did not have a constitutionally protected property interest in his employment with Clinton Township. Second, they argue that if it is determined that plaintiff had a protected property interest, he was afforded all the process that he

was due prior to the termination of his employment.

 An individual who seeks to invoke the protection of the due-process clause of the Fourteenth Amendment must first establish that he has been deprived of a liberty or property interest. *Board of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). In the context of employment in public education, a property interest can derive from a contract which provides for continued employment and which can be terminated only for good cause. *Wooten v. Clifton Forge School Bd.,* 655 F.2d 552, 554 (4th Cir.1981); *see also Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538–39, 105 S.Ct. 1487, 1491–92, 84 L.Ed.2d 494 (1985). In the present case, Harrington had a contract which provided for continued employment, but only until July 1, 1996. By the explicit provisions of state law, Harrington could not be dismissed or reduced in compensation, except upon a showing of just cause. *See* N.J.S.A. 18A:17–20.2. Consequently, Harrington did have a property interest in the continuation of his employment for the specified contractual period. Whether that property interest includes the right to engage actively in the duties required of a superintendent, however, as opposed to the mere right to receive the compensation guaranteed under his contract, is a separate question. That precise question was addressed in the remarkably analogous case of *Royster v. Bd. of Trustees,* 774 F.2d 618 (4th Cir.1985), *cert. denied,* 475 U.S. 1121, 106 S.Ct. 1638, 90 L.Ed.2d 184 (1986). In that case, the plaintiff was employed as the superintendent of schools under a series of multi-year contracts, of which the final one was due to expire on June 30, 1983. In January 1983, the school board informed the plaintiff that he was being relieved of his duties as superintendent but with full pay and benefits through the effective termination date of his contract. The court held that although a property interest in the continued expectation of public employment affords the employee the right to be fully compensated, it does not include the right to physically possess a job, in defiance of the stated desire of

the employer. *Id.* at 621. The court expressed sound reasoning for its conclusion:

> Indeed, to hold that Royster had a constitutionally protected property interest in continuing to perform his services would make it impossible for a public employer, dissatisfied with an employee's performance, but without specific contractual cause to discharge him, to relieve the employee from his duties although willing to compensate the employee in full.

*Id.* The court then concluded that whatever constitutionally protected property interest the plaintiff had as a result of his employment contract was satisfied by payment of the full compensation due him under the contract. *Id.*

In the present case, Harrington was relieved of his duties as superintendent on June 28, 1993, notwithstanding the existence of a contract which provided him with a legitimate expectation for continued employment until July 1, 1996. Nevertheless, the Clinton Township Board of Education has continued to pay plaintiff the salary due and owing him under the terms of his contract. (Lentine Aff. at ¶ 7.) Persuaded by the court's decision in *Royster*, this court concludes that although Harrington had a protected property interest in the right to receive the full amount of compensation provided for in his contract, he did not have a protected property interest in the right to execute his duties as superintendent for the duration of his contract.

The court finds further support for that conclusion from the very terms of the employment contract. In Article V of the contract dated April 8, 1993, it states:

> In the event the Board elects to terminate the employment of Harrington prior to the expiration date of this contract, it is understood that Harrington shall exercise due diligence and make reasonable efforts to obtain re-employment in a comparable pro-

fessional position. If Harrington obtains comparable employment elsewhere prior to July 1, 1996, the salary received by him in such comparable employment shall be deducted from the payments made to Harrington by the Board.

(Board's Brief, Ex. A at 9.) If the Board were obligated by statute to maintain Harrington in his position as superintendent, there would have been no need for Harrington to accept a contract providing for full compensation upon early termination, subject to mitigation of damages. Because Harrington received full compensation due him under his contract, there was no deprivation of any property interest that he may have had in his public employment[1]. *Accord Schneeweis v. Jacobs,* 771 F.Supp. 733, 737 (E.D.Va.1991), *aff'd,* 966 F.2d 1444 (4th Cir.1992) (high school teacher's property interest in supplemental coaching position was extinguished by the school board's payment to her of the full stipend due for the coaching season), *and Kinsey v. Salado Independent School Dist.,* 950 F.2d 988, 997 (5th Cir.1992), *cert. denied,* 504 U.S. 941, 112 S.Ct. 2275, 119 L.Ed.2d 201 (1993) (public school superintendent relieved of his duties under an employment contract, but with full compensation, did not have constitutionally protected property interest in the noneconomic benefit of serving in the position of superintendent, and there was no deprivation of his property interest in the economic component of his employment, because he received full compensation). Plaintiff has not provided the court with any authority to support the proposition that a property interest in public employment includes the right to carry out physically the duties associated with the position held by the public employee. The court declines to so hold. Summary judgment is therefore granted in favor of defendants on that portion of plaintiff's § 1983 claim which is based on an alleged violation of the Fourteenth Amendment due-process clause[2].

---

[1]. Because there was no deprivation of plaintiff's property interest, the court need not reach plaintiff's argument that he was "neither given notice of the severity of the actions which were being undertaken nor was he given an opportunity to respond to any allegations of wrongdoing on his part." (Pl's Brief at 14.)

[2]. Plaintiff points out that in the case of *Harrington v. Board of Education of the Township of Clinton,* OAL Docket No. EDU–10750–93, while referring to N.J.S.A. 18A:17–15 *et seq.,* the Commissioner of Education stated that "the law as it was ultimately enacted expressly provides for *employment* for the duration of the superinten-

The individual board members have also moved for the entry of summary judgment on the third count of the complaint, which alleges that the defendants, "knowing of the wrongs conspired to be done to the plaintiff were about to be committed, and having power to prevent or aid in preventing the commission of same, neglected and/or refused to do so in violation of plaintiff's federal civil rights." (Pl's Third Amended Compl., Third Count at ¶ 2.) As defendants have correctly pointed out, the language used in the complaint is almost identical to the language used in 42 U.S.C. § 1986, which states:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; ....

42 U.S.C. § 1986. Thus, although count three of the complaint is framed as a § 1983 claim, it is actually a § 1986 claim. Defendants argue, therefore, that since transgressions of § 1986 by definition depend on a preexisting violation of § 1985, Harrington's claim under § 1986 must fail because he has not set forth a cause of action under § 1985. Conceptually, defendants are correct. *See Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir.1988), *cert. denied,* 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981); *Clark v. Clabaugh,* 20 F.3d 1290, 1295 (3d Cir.1994). However, just as count three was improperly expressed as a § 1983 claim, so was count two. By alleging that the defendants "con-spired with each other, either directly or indirectly, to deprive the plaintiff of his privileges under the law" (Pl's Third Amended Compl., Second Count at ¶ 2), plaintiff has set forth a cause of action under § 1985. Thus, defendants' motion for summary judgment as to the third count of the complaint must be denied.

The individual board members also seek to strike the fifth count of the complaint, which alleges that "the acts of the defendants, or each of them, were done willfully and maliciously with the intent to injure the plaintiff." (Pl's Third Amended Compl., Fifth Count at ¶ 2.) Defendants argue that such allegations fail to assert a cognizable cause of action. Because Harrington has not opposed the dismissal of count five, and because the court agrees that the allegations asserted therein fail to state a cognizable cause of action, defendants' motion for summary judgment on count five of the third amended complaint is hereby granted.

The Board has moved for the entry of summary judgment with respect to all of plaintiff's federal claims, arguing that the availability of state remedies preclude plaintiff from proceeding with his civil-rights claims. The Board has misplaced reliance on *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), in support of its argument. In that case, a prison inmate brought suit under 42 U.S.C. § 1983 to recover the value of certain hobby materials which he had ordered by mail and which, although delivered to the prison, were lost as a result of alleged negligence on the part of the prison officials. The Supreme Court held that because the remedies provided under the applicable state tort laws could have fully compensated the plaintiff for the property

---

dent's contract, thus conferring a status beyond mere entitlement to money." (Comm'r of Educ. Decision at 21.) Although the Commissioner found that the state statute guaranteed employment for the contract term, he did not find that such guarantee extended to employment in the capacity of superintendent. In fact, he explicitly acknowledged that the Board may elect to relieve the superintendent of the performance of his or her duties. The Commissioner's interpretation of the state statute does not assist this court with the due-process question presented in this case.

At best, the Commissioner's interpretation of the statute means that a school superintendent has a right to retain his public employment—although not necessarily in the position as superintendent—for the duration of his contract. Contrary to plaintiff's contention, the Commissioner did not determine that plaintiff had a constitutionally protected property interest in physically occupying his position as superintendent. Even if he had, the court would not be persuaded by such decision. Plaintiff's issue preclusion argument is, therefore, without merit.

loss he suffered, such remedies were sufficient to satisfy the requirements of due process. *Id.* at 544, 101 S.Ct. at 1917. As the Third Circuit has aptly noted, however, *Parratt v. Taylor* does not deal with intentional deprivations of liberty interests protected by the First Amendment, nor does it apply to charges of intentional conspiratorial conduct under color of state law. *Labov v. Lalley,* 809 F.2d 220, 222 (3d Cir.1987). Therefore, the court cannot grant summary judgment in favor of defendants on that portion of count one which asserts a § 1983 claim based on an alleged First Amendment violation or on counts two and three, which allege conspiratorial conduct[3].

 Finally, the Board seeks to strike plaintiff's claim for compensatory damages under count four of the complaint, which alleges a violation of the CEPA, arguing that because plaintiff has been and continues to be paid that which is due and owing to him under his contract, neither back pay nor front pay are suitable remedies for plaintiff in this case[4]. Plaintiff has, however, asserted pecuniary damages in excess of that paid to him by Clinton Township. All remedies available in common-law tort actions are available to a party who prevails under CEPA. *See* N.J.S.A. 34:19–5. Thus, in the event that plaintiff prevails on his CEPA claim, he will not be restricted by the fact that the Board has already compensated him for the full value of his employment contract. Accordingly, the Board's motion for partial summary judgment which seeks to strike plaintiff's claim for compensatory damages is denied. A comprehensive order accompanies this opinion.

---

**3.** As the court has already dismissed on other grounds that portion of plaintiff's § 1983 claim which was based on an alleged due process violation, it need not determine whether *Parratt v. Taylor* would mandate dismissal of that claim.

**4.** The Board also argues that given the facts of this case, the equitable remedy of reinstatement

is not appropriate. Harrington indicates in his brief, however, that he is not seeking reinstatement and is seeking compensatory damages only. The court, therefore, need not reach the issue of the appropriateness of reinstatement as a remedy in this case.