**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3002
_____

MS. ROSARIO ROSE TAYLOR,
Appellant

v.

KATHRYN H. ANDERSON, Office of Civil Right Census EEO Washington;
PATRICIA A. DENNIS, Area Manager Census Phila;
WESLEY R. GARRETT, Field Operations Supervisor Census;
JOHN DOZIER, Crew Leader; KIMBERLY WILLIAMS;
JENNIFER SELBY, Personal Assistant to Crew Leader, John Dozier

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-01170)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2013

Before: AMBRO, HARDIMAN and ROTH, Circuit Judges

(Opinion filed April 23, 2013)

_____

OPINION
_____

PER CURIAM

Rosario Rose Taylor appeals pro se from the District Court's order granting summary judgment in favor of the defendants. We will affirm.

I.

In 2011, Rosario Rose Taylor filed a pro se complaint in the United States District Court for the Eastern District of Pennsylvania. In her amended complaint, Taylor claimed that, while working as an enumerator for the United States Census Bureau ("USCB") during the 2010 census, she suffered adverse employment actions in violation of Title VII of the Civil Rights Act of 1964. Allegedly due to her race and national origin, her crew leader, John Dozier, and five other colleagues maliciously tampered with her completed surveys, delayed paying her, retook her fingerprints, did not assign her work when other enumerators in her crew were given work, and ultimately fired her.

In support of their motion for summary judgment, the defendants argued that Taylor failed to demonstrate circumstances giving rise to an inference of discrimination. They offered excerpts from Taylor's deposition testimony, in which Taylor attributed her poor treatment to a personal quarrel – unrelated to race or national origin – between Taylor and Dozier's assistant, Defendant Jennifer Selby. Moreover, the defendants asserted that Taylor was terminated because the census work was temporary, most of the enumerators' employment came to an end at the same time as Taylor's, and Taylor had "documented disciplinary and work quality issues."

2

The District Court granted the defendants' motion for summary judgment, finding that Taylor failed to raise an inference of discrimination, and thus did not establish a prima facie case of unlawful discrimination under the McDonnell Douglas burden-shifting framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Even if she had, the District Court noted, Taylor offered no evidence to counter the defendants' legitimate, nondiscriminatory reasons for the adverse employment actions she suffered. Taylor timely appealed from the District Court's judgment.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision granting summary judgment. See Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is appropriate when the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm the District Court on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000). For the following reasons, we will affirm.

## III.

We analyze Taylor's Title VII discrimination claim according to the McDonnell Douglas burden-shifting framework. See Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 385 (3d Cir. 1999). Under the McDonnell Douglas framework, Taylor bore the initial burden of establishing a prima facie case of a Title VII violation. See McDonnell Douglas, 411 U.S. at 802. If she succeeded, the burden would then have shifted to the

3

defendants to "articulate some legitimate, nondiscriminatory reason" for her termination. See id. Taylor would then have had an opportunity to prove by a preponderance of the evidence that the legitimate reason for her termination offered by the defendants was a pretext for unlawful discrimination. See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999).

We agree with the District Court that, even assuming Taylor could prove her prima facie case of unlawful discrimination, she failed to show that the defendants' legitimate, nondiscriminatory reasons for terminating her were a pretext. In response to Taylor's allegations, the defendants offered evidence that Taylor was terminated for reasons other than race or national origin. Specifically, the defendants submitted evidence that: (1) Taylor believed her employment contract ended before the time that she stopped working for the USCB; (2) Taylor was terminated at the same time as many other enumerators due to lack of enumeration work; and (3) Taylor's crew leader and the other enumerators had reported and documented their concerns about the quality of Taylor's work. The USCB therefore articulated a legitimate, nondiscriminatory reason for Taylor's termination. See Tomasso v. Boeing Co., 445 F.3d 702, 706 (3d Cir. 2006) (stating that the employer's burden of production at this stage is "relatively light, and the employer need only introduce evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision.") (internal citations omitted).

4

Taylor subsequently pointed to no evidence that would allow a reasonable fact finder to conclude that the defendants' stated reasons for terminating her were a pretext. See Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994) (finding that, to demonstrate an employer's stated reason for termination was a pretext, a plaintiff "must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.") Here, Taylor does not dispute that the census work in her region had wound down at the time she was terminated, or that she was first transferred to a different area, enabling her to work beyond the term of her contract. Although she speculated that her negative performance reviews were motivated by animus based on her race and national origin, Taylor pointed to no evidence, direct or circumstantial, suggesting that the USCB terminated her employment for any unlawfully discriminatory reason. See Tomasso, 445 F.3d at 706 ("[Plaintiff] must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proferred legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reasons internal punctuation and citation omitted."); see also Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990) (noting that "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment (citation omitted); Spangle v.

<u>Valley Forge Sewer Auth.</u>, 839 F.2d 171, 173 (3d Cir. 1988) (finding summary judgment to be proper where, after burden-shifting, plaintiff cannot raise a genuine issue of material fact as to whether the employer's proffered reason for an adverse action is pretext for discrimination).

For the foregoing reasons, we will affirm the judgment of the District Court.